HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN SOMERLOTT,

   Plaintiff,

 v.

MCNEILUS TRUCK AND
MANUFACTURING, INC.,

   Defendant.

Case No. C16-789-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Benjamin Somerlott's Discovery Motion Regarding 30(b)(6) Depositions. Dkt. # 22. For the reasons that follow, the Court **DENIES** the motion.

## II.   BACKGROUND

This is a products liability case. The Court describes the facts as alleged in the complaint, expressing no opinion on whether those allegations will prove true.

On October 28, 2014, Somerlott was operating a garbage truck designed and manufactured by Defendant McNeilus Truck and Manufacturing, Inc. ("McNeilus"). Dkt. # 3 (Amended Complaint) ¶ 3.01. As Somerlott was doing so, the truck ejected a broken beer bottle that severely lacerated his arm. ¶ 3.02. The truck lacked proper safety features or warnings that would have prevented this from happening. *Id.* Somerlott sustained serious injuries, loss of earnings, and other serious consequences as a result of

ORDER – 1

the injury to his arm. ¶ 6.02.

On May 28, 2016, Somerlott filed this action against McNeilus alleging claims for (1) strict products liability, (2) negligence, and (3) breach of an implied warranty. Dkt. # 1. He later amended his complaint. Dkt. # 3. Now, Somerlott requests that the Court allow him to take two Rule 30(b)(6) depositions of McNeilus and that he be permitted up to fourteen hours to complete these depositions. Dkt. # 22. McNeilus opposes the motion. Dkt. # 24.

## III. LEGAL STANDARD

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

## IV. DISCUSSION

Somerlott requests permission to take two Rule 30(b)(6) depositions and to have fourteen hours to conduct these depositions. He contends that this is necessary because of the voluminous documents at issue and the technical complexity of his claims.

As an initial matter, Somerlott has failed to comply with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and LCR 37(a)(1). The former provides, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The latter provides:

> (1) *Meet and Confer Requirement*. Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the

ORDER – 2

> motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

W.D. Wash. Local Civ. R. 37(a)(1). Neither McNeilus's motion nor his supporting documentation contains a certification to this effect. The closest McNeilus comes to providing a sufficient certification is his representation that "Plaintiff and Defendant have corresponded and discussed the conduct of 30(b)(6) depositions repeatedly. No such depositions have been taken." Dkt. # 22 at 2. This assertion does not comply with the meet-and-confer requirements of the Federal and Local rules. As noted above, the Court may thus deny the motion without addressing the merits of the discovery dispute. The Court **DENIES** Somerlott's motion on this basis.

Even if Somerlott had complied with the applicable meet-and-confer requirements, the Court agrees with McNeilus that Somerlott's motion is premature. Given that no Rule 30(b)(6) deposition has yet occurred, Somerlott cannot show that additional time is necessary under Rule 30(d)(1) to conduct a fair examination.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Somerlott's Discovery Motion Regarding 30(b)(6) Depositions. Dkt. # 22.

DATED this 7th day of July, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3