UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MCNEILUS TRUCK AND<br>MANUFACTURING, INC.,<br><br>　　　　　　Defendant. | CASE NO. C16-0789MJP<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL |

THIS MATTER comes before the Court on Plaintiff's motion to compel discovery from Defendant. Dkt. # 26. Having reviewed the motion, the response, reply, and all related papers, the Court DENIES the motion.

**BACKGROUND**

Plaintiff filed this personal injury action alleging strict products liability, negligence, and breach of implied warranty based on an incident where Defendant's garbage truck ejected a beer bottle, lacerating Plaintiff's arm. Dkt. # 3. Plaintiff now seeks to compel Defendant to provide more complete answers to Plaintiff's Interrogatories seven, 13, and 23, which seek

(1) instructions and warnings on the garbage truck's risk of ejection of harmful objects, (2) identification of any persons or entities that Defendant contends are liable for Plaintiff's injury, and (3) a statement of the material facts upon which Defendant based its affirmative defenses.

## DISCUSSION

For the following reasons, the Court finds that Defendant has already provided appropriate responses to the Interrogatories at issue:

    1.    Interrogatory Number Seven

In response to Plaintiff's request for instructions and warnings on the garbage truck's risk of ejection of harmful objects, Defendant referenced operator's manuals, service manuals, on-product warnings, and warnings and instructions provided by Plaintiff's employer, Waste Management. Dkt. # 26 at 3. Plaintiff contends that the volume of information referenced in Defendant's answer unfairly requires the Plaintiff to "hunt through thousands of pages of documents to find the answer to a simple and straightforward interrogatory." *Id*. at 4. Plaintiff argues that Defendant has therefore violated Federal Rule of Civil Procedure 33(d)(1), which permits a party to produce documents in response to interrogatories if the answer may be derived or ascertained from the documents. Plaintiff asks the Court to order Defendant to pinpoint specific information on the risk of ejection within these materials.

The Court finds that by providing instructional manuals and warnings, the Defendant has sufficiently answered Interrogatory seven. The produced manuals contain an addendum relating specific warnings with specific risks and Plaintiff "has not made any showing that [Defendant] is better able to review the manuals than he is," nor has Plaintiff claimed the operator's manuals are somehow incomprehensible or inaccessible. Dkt. # 29 at 7. In arguing that Federal Rule of Civil

Procedure 33 places the burden on Defendant to provide additional information, Plaintiff misreads the Rule.

2.  Interrogatory Number Thirteen

Plaintiff next takes issue with Defendant's response to Interrogatory 13, which asks Defendant to identify any persons or entities that Defendant contends are liable for Plaintiff's injury. At the time of response, Defendant wrote that there was not sufficient information to respond, but it would supplement its answer as information became available. Moore Decl. (Dkt. # 26), Ex. A at 8-9. Plaintiff now asks the Court to compel Defendant to "admit that it has no evidence whatsoever" to implicate third-parties who were potentially liable for Plaintiff's accident. Dkt. # 26 at 5. The Court finds this unnecessary. As Defendant acknowledges, it is under an obligation to supplement its answer, if no supplemental answer is received, no other entity will be held accountable.

3.  Interrogatory Number Twenty-Three

Plaintiff also seeks to compel a more complete answer to Interrogatory 23, which asks the Defendant to provide facts in support of its affirmative defenses. Dkt. # 26 at 6. Again, the Court finds no need to compel additional information as Defendant has already acknowledged a continuing duty to supplement, which must be done in a timely manner so the requesting party can act on the information. Moore Decl., Ex. B at 2-3.

**CONCLUSION**

Because Defendant's responses to Interrogatories Seven, 13, and 23 are either sufficient—in the case of Interrogatory Seven—or acknowledge Defendant's continuing duty to supplement its answer—in the case of Interrogatories 13 and 23—the Court finds it unnecessary

1 to compel any additional response from Defendant.  Plaintiff's Motion to Compel is therefore
2 DENIED.
3     The clerk is ordered to provide copies of this order to all counsel.
4     Dated September 8, 2017.

*[signature]*

Marsha J. Pechman
United States District Judge