UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT,<br><br>                Plaintiff,<br><br>    v.<br><br>MCNEILUS TRUCK AND MANUFACTURING, INC.,<br><br>                Defendant. | CASE NO. C16-0789MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION |

THIS MATTER comes before the Court on Defendant's motion to compel. Dkt. # 36. Having considered the motion, response, reply and all related documents, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff Benjamin Somerlott is bringing products liability, negligence, and breach of implied warranty claims against Defendant McNeilus Truck and Manufacturing Inc. based on an accident that occurred in 2014 while Plaintiff was driving one of Defendant's garbage trucks. Plaintiff alleges that the truck "violently ejected a broken beer bottle," lacerating the Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL INDEPENDENT MEDICAL
EXAMINATION- 1

"right and dominant arm[, which] has resulted in disability." Dkt. #2, ¶ 3.02.  Based on this injury, Plaintiff is seeking damages for future medical expenses, loss of earnings and earning capacity, ongoing disability, disfigurement, and future physical pain and suffering. *Id.* ¶ 6.02. Relevant to the instant motion, Plaintiff later suffered an additional, unrelated injury to his shoulder after the laceration to his arm. Supp. McNulty Decl. (Dkt. # 45), Ex. 7.

Defendant seeks to compel an independent medical examination of Plaintiff's arm, including both his shoulder—"to assess the contribution that the secondary injury may have on his overall condition and restrictions"—and his wrist, to assess the extent of the original injury. Dkt. # 36 at 2. Defendant has proposed that orthopedist Dr. Stephen Sun conduct the exam. In response, Plaintiff makes a number of arguments against permitting the exam, namely that the motion to compel is untimely, there are other reasonable avenues for Defendant to obtain the requested medical information, and Plaintiff's shoulder injury is irrelevant to the claims in this action. Dkt. # 42 at 4-9.

## ANALYSIS

Under Federal Rule of Civil Procedure 35, an independent medical exam is warranted where a party's mental or physical condition is in controversy. Fed. R. Civ. P. 35(a)(1). Given that Plaintiff's alleged damages stem solely from his arm injury, Defendant must understand the scope and nature of that injury in order to properly defend this action. Accordingly, Plaintiff shall submit to a medical exam of his arm, including of his wrist and shoulder, to take place during Dr. Sun's next available appointment. If necessary, the September 18, 2017 discovery cutoff will be extended until Dr. Sun can complete the independent medical exam. During the exam, Dr. Sun's proposed protocol—as described in the attached exhibit to the instant motion—

will be followed.  *See* Supp. McNulty Decl. (Dkt. # 45), Ex. 8.  A written report of Dr. Sun's findings will be provided to Plaintiff within 14 days of Dr. Sun's exam.

## CONCLUSION

Given that the extent and nature of Plaintiff's arm injury are the central issue in this action, good cause exists for the Plaintiff to submit to an independent medical exam.  The motion to compel is therefore GRANTED.  Plaintiff is ordered to undergo an independent medical exam pursuant to the conditions described above.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 8th day of September, 2017.

Marsha J. Pechman
United States District Judge