UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT,<br><br>                Plaintiff,<br><br>    v.<br><br>MCNEILUS TRUCK AND MANUFACTURING INC,<br><br>                Defendant. | CASE NO. C16-789-MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Plaintiff's Amended Motion for Summary Judgment. (Dkt. No. 40-1.) Having considered the motion, the response (Dkt. No. 46), the reply (Dkt. No. 48), and all related papers, the Court DENIES Plaintiff's Motion for Summary Judgment in its entirety.

**Background**

Plaintiff Benjamin Somerlott brings this products liability action against Defendant McNeilus Truck and Manufacturing, Inc. (Dkt. No. 3.) Plaintiff, a former refuse truck operator, alleges he was operating a McNeilus Model 2644 Truck when he was struck by a

broken bottle ejected by the truck's side loader. (Id. at 3.) Plaintiff alleges the broken bottle lacerated his right arm, resulting in disability. (Id.) Plaintiff alleges that the truck was defectively designed, manufactured, and marketed by Defendant, and that Defendant's negligence and failure to warn of risk were proximate causes of his injury. (Id. at 4-5.) Plaintiff asserts causes of action for products liability under theories of manufacturing defect, design defect, failure to warn, and breach of implied warranty. (See id. at 4-6.)

Defendant asserted a variety of denials and affirmative defenses. (See Dkt. Nos. 31, 46.) Defendant has since withdrawn several, including: comparative fault; unclean hands, waiver, and estoppel; willful misconduct of other entities; and Industrial Insurance Act. (Dkt. No. 46 at 7-23.) Plaintiff does not seek summary judgment regarding Defendant's affirmative defenses relating to lack of warranty, lack of notice of breach, and lack of privity. (Dkt. No. 40-1 at 10.) Accordingly, the defenses presently at issue include: failure to state a claim; negligence of third parties; intervening superseding acts; comparative negligence; improper use and maintenance; assumption of risk; failure to mitigate; failure to preserve evidence; adequate warnings given to chain of distribution; offset; and compliance with applicable standards. (See Dkt. No. 46 at 7-23; see also Dkt. No. 40-1 at 10.)

Plaintiff asks the Court to grant summary judgment in his favor as to each of these denials and affirmative defenses. (See Dkt. No. 40-1.)[1]

---

[1] The Court notes that Plaintiff's Motion was filed on July 6, 2017, the *same day* Plaintiff was deposed, and well before the close of discovery on September 18, 2017. (See Dkt. No. 46 at 3; see also Dkt. No. 11.) The Motion is devoid of citations to the record, and appears to be based largely upon Defendant's initial response to Plaintiff's Interrogatory No. 23. (See Dkt. No. 40-1; Dkt. No. 32-1, Ex. A.) Defendant supplemented its response to Interrogatory No. 23 on July 23, 2017 and although Plaintiff re-noticed his Motion to review the supplemental response, he did not revise it or otherwise address the additional evidence cited therein. (Dkt. No. 46 at 4; see also Dkt. Nos. 39, 41.)

**Discussion**

I.  **Legal Standard**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant bears the initial burden to demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute over a material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986). On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

II.  **Product Liability Claims**

Plaintiff moves for summary judgment as to Defendant's denials and affirmative defenses of its product liability claims.

As an initial matter, Plaintiff fails to provide the legal standard upon which the Court might rely to grant summary judgment as to either. Courts in this district have previously held that summary judgment is not the proper method for striking an affirmative defense.[2] See Kerzman v. NCH Corp., No. C05-1820JLR, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007) (Robart, J.) ("[T]o claim insufficiency of defense should not be considered a request for judgment but more aptly a request to strike it from the pleading."). While the Court may

---

[2] While Plaintiff initially requested summary judgment, and, in the alternative, dismissal under Rule 12(b)(6) (see Dkt. No. 32), he has since amended his request and no longer seeks dismissal. (See Dkt. No. 40-1 at 1.) Accordingly, the Court does not address Plaintiff's contention that certain of Defendant's affirmative defenses are not recognized by law.

1 strike affirmative defenses if they present an "insufficient defense, or any redundant,
2 immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), Plaintiff has neither
3 requested this relief nor shown it is warranted. See Kerzman, 2007 WL 765202, at *7 ("In
4 order to strike Defendants' allegedly insufficient affirmative defenses, Plaintiff[] must show
5 that there are no questions of fact, that any questions of law are clear and not in dispute, and
6 that under no set of circumstances could the defense succeed.") (citation and internal
7 quotation marks omitted).

Even were it procedurally proper, Plaintiff's Motion nevertheless is unavailing. Under Washington's Product Liability Act ("WPLA"), a manufacturer is liable to a plaintiff whose harm is proximately caused by its product that was not reasonably safe as designed or manufactured, or because it did not conform to the manufacturer's express or implied warranty, or because adequate warnings or instructions were not provided. RCW 7.72.030(1)-(2). While Plaintiff broadly asserts "there are no questions of fact regarding the Defendant's affirmative defenses," (Dkt. No. 40-1 at 6) there are multiple disputed facts bearing directly on Defendant's liability. For example, there is a dispute as to whether the truck was reasonably safe as designed and manufactured. (See Dkt. No. 46 at 9-11.) There is a dispute as to whether Defendant was the proximate cause of Plaintiff's injury. (See id. at 12-15.) There is also a dispute as to whether Plaintiff mitigated damages from his injury. (See id. at 19-20.)

Defendant has provided ample citations to the record – including Plaintiff's deposition testimony, deposition testimony of other percipient witnesses, and reports of experts and medical practitioners – to support its denials and affirmative defenses. At a minimum, this

evidence gives rise to disputes of fact requiring resolution by a jury. (<u>See id.</u> at 7-23.) Plaintiff's unsupported assertions to the contrary are not compelling.

**Conclusion**

Because Plaintiff has failed to demonstrate the absence of material disputes of fact as to each of Defendant's denials and affirmative defenses, the Court DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 40-1) in its entirety.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 28, 2017.

Marsha J. Pechman
United States District Judge