UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT,<br><br>                Plaintiff,<br><br>    v.<br><br>MCNEILUS TRUCK AND MANUFACTURING INC,<br><br>                Defendant. | CASE NO. C16-789-MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant's Motion for Partial Summary Judgment (Dkt. No. 74) and Plaintiff's Motion to Strike (Dkt. No. 85.) Having reviewed the Motions, the Response (Dkt. No. 76), the Reply (Dkt. No. 80), the Praecipe (Dkt. No. 84), the Surreply (Dkt. No. 85) and all related papers, the Court GRANTS Plaintiff's Motion to Strike and GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Summary Judgment.

**Background**

Plaintiff Benjamin Somerlott, a former refuse truck operator for Waste Management, brings suit against Defendant McNeilus Truck and Manufacturing, Inc. (Dkt. No. 3.) On

October 28, 2014, Plaintiff was collecting residential recycling in a McNeilus side-loading refuse vehicle (the "Side Loader"). (Dkt. No. 74 at 5.) After loading the Side Loader, Plaintiff activated a button to empty the cart's contents into the "hopper," an open receptacle in the center of the unit. (Id. at 5-6.) Plaintiff alleges he was struck by a broken bottle ejected from the hopper, severing and partially severing tendons in his wrist. (Dkt. No. 3 at 3; Dkt No. 74 at 5.)

Defendant claims it sold the Side Loader to Waste Management with a manual containing instructions and warnings for safe operation (the "Operator's Manual"). (Id. at 8.) However, Waste Management never gave Plaintiff the Operator's Manual, and instead trained him using its own self-created training materials. (Id.) Waste Management allegedly did not warn Plaintiff of the potential for refuse to exit the hopper. (Dkt. No. 74 at 21-22.) Nevertheless, Plaintiff observed "plastic bottles, tin cans, glass bottles, all kinds of stuff" exit the hopper on several occasions prior to the incident. (Id. at 16.) On one occasion, a pickle jar exited the hopper and covered him in pickle juice, and when he complained to management, he was told this was "part of the job." (Id.)

While Plaintiff concedes that the potential for refuse to exit the hopper was a "known danger or risk," he contends his injury could have been prevented had an on-product warning identified "the risk of serious harm or death from flying objects if the outside controls were used without adequate protective clothing that would have barricaded the body against dangerous items ejected from the hopper." (Id.; Dkt. No. 77-2 at 3.)

Defendant claims it provided decals to Waste Management which warned of the need to wear protective clothing and the risk of serious injury or death while operating the equipment. (Dkt. No. 74 at 10; Dkt. No. 80 at 3-4.) However, it is not clear whether decals were in fact provided to Waste Management, or whether they were merely depicted in the Operator's

1 | Manual.  In any event, warning decals were not affixed to the Side Loader and were not seen by
2 | Plaintiff.  (See Dkt. No. 76 at 5; Dkt. No. 84 at 1; Dkt. No. 85 at 3.)

Plaintiff asserts claims for manufacturing and design defects, failure to warn, and breach of implied warranty of merchantability.  (See Dkt. 3 at 4-6.)  Defendant moves for partial summary judgment as to the manufacturing defect, failure to warn, and breach of implied warranty claims.  (Dkt. No. 74.)  Plaintiff does not oppose the motion as to the manufacturing and warranty claims.  (Dkt. No. 76 at 6.)

**Discussion**

I. **Legal Standard**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The movant bears the initial burden to demonstrate the absence of a genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine dispute over a material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986).  On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

II. **Motion to Strike**

Plaintiff moves to strike Defendant's Objections to Plaintiff's Evidence (Dkt. No. 82) and all references to on-product warnings affixed to the Side Loader.  (See Dkt. No. 85.)  With regard to the Objections, the Court finds that they are improper under the Local Rules and strikes them in their entirety.  To the extent these objections seek to strike portions of Plaintiff's

1  Response (Dkt. No. 77-2), they should have been included in Defendant's Reply. See LR 7(g)

2  ("Requests to strike material contained in or attached to submissions of opposing parties shall not

3  be presented in a separate motion . . ."). With regard to the references to on-product warnings,

4  Defendant concedes there were no on-product warnings, and that all references thereto were

5  made in error. (See Dkt. No. 84) ("[Defendant] has reviewed the record and determined that the

6  warnings . . . are in-manual, rather than on-product warnings.")

  Therefore, the Court GRANTS Plaintiffs' Motion to Strike.

### III. Failure to Warn

Defendant moves for summary judgment as to Plaintiff's failure to warn claim. Under Washington's Product Liability Act ("WPLA"), a manufacturer may be liable for injury if its failure to provide adequate warnings or instructions is the proximate cause of injury. RCW 7.72.030(1); see also Soproni v. Polygon Apartment Partners, 137 Wn.2d 319, 325-26 (1999). Failure to provide an adequate warning must be both the cause in fact and the legal cause of injury. Baughn v. Honda Motor Co., Ltd., 107 Wn.2d 127, 142 (1986). Cause in fact concerns the "but for" consequences of an act, and "is generally a question of fact reserved for the jury" unless "the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion." Beard v. Mighty Lift, Inc., 224 F. Supp. 3d 1131, 1136 (W.D. Wash. 2016) (citing Baughn, 107 Wn.2d at 142). Legal causation concerns "policy considerations as to how far the consequences of a defendant's acts should extend," and is "determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent." Id. (citing Baughn, 107 Wn.2d at 146; Anderson v. Dreiss & Krump Mfg. Corp., 48 Wn. App. 432, 441 (1987)).

1 | Defendant contends that summary judgment is appropriate because Plaintiff was aware of
2 | the risk of refuse exiting the hopper at the time of the incident, and different or more detailed
3 | warnings would not have prevented his injury. (Dkt. No. 74 at 9, 15-20; Dkt. No. 84 at 1.)
4 | Defendant contends that Waste Management assumed the duty to train Plaintiff, and that its
5 | failure to do so precludes a finding of legal causation. (Id. at 20-22.) Plaintiff responds that, had
6 | he known the extent of the risk, he would have worn proper protective clothing. (Dkt. No. 76 at
7 | 4-6; Dkt. No. 77-2 at 2-3.) Plaintiff claims an on-product warning notifying him of the need to
8 | wear protective clothing would have prevented his injury. (Dkt. No. 76 at 5-6; Dkt. No. 77-2 at
9 | 3.)

10 | The Court finds that questions of fact as to causation remain for the jury. A reasonable
11 | jury could find both that on-product warnings could have prevented Plaintiff's injury and that
12 | Defendant had a non-delegable duty to provide such warnings on all of their Side Loaders.

13 | While Plaintiff testified that he was aware of the potential for refuse to exit the hopper, it
14 | is not clear that he was aware of the risk of serious injury as a result (i.e., that refuse might be
15 | thrown from the hopper with force and velocity so as to sever tendons). (Dkt. No. 77-2 at 2.)
16 | Plaintiff's expert testified that "[t]he ejections are random and happen with no advance notice to
17 | the operator (id. at 11) and Defendant's expert testified that "[a]lthough the hazard due to
18 | material ejection is open and obvious, injuries resulting from this accident mode are rare." (Dkt.
19 | No. 75-1 at 16-17.)

20 | Despite conceding that there was a risk of injury, Defendant sold the Side Loader to
21 | Waste Management without any on-product warnings. (Dkt. No. 84 at 1.) Thus, contrary to
22 | Defendant's claim, the Court does not find that the chain of legal causation was disrupted by
23 | Plaintiff's failure to heed on-product warnings. (See Dkt. No. 74 at 18-19; compare Beard, 224

F. Supp. 3d at 1134-35 (chain of legal causation disrupted where product contained warning symbol); Baughn, 107 Wn.2d at 137 (same, noting that manufacturer "may reasonably assume" that user will "read and heed[]" warnings on the product).) The Court also does not find that the chain of legal causation was disrupted by intervening negligence on the part of Waste Management. While Defendant contends that Waste Management's failure to provide Plaintiff with the Side Loader Operator's Manual was unforeseeable, "[t]he manufacturer bears responsibility for affixing an adequate warning to its product, and this duty generally is not delegable." Campbell v. ITE Imperial Corp., 107 Wn.2d 807, 814 (1987) (en banc) (citation omitted); see also McCrossin, Estate of McCrossin v. IMO Indus., Inc., No. C14-05382RJB, 2015 WL 753580, at *3 (W.D. Wash. Feb. 23, 2015) (employer's negligence not sufficient to obviate manufacturer's liability unless it was unforeseeable). Any intervening negligence on the part of Waste Management was not "so highly extraordinary or unexpected that it can be said to fall without the realm of reasonable foreseeability," Little v. PPG Indus., Inc., 19 Wn. App. 812, 824-25 (1978), and there is no evidence in the record that Waste Management had "actual knowledge of the hazards inherent in the use of the product and fail[ed] to pass on such knowledge" to Plaintiff. Campbell, 107 Wn.2d at 829 (citing Little, 19 Wn. App. at 825.) Moreover, this is clearly not a case where the manufacturer had "no effective means of communicating its warnings to the ultimate user." Little, 19 Wn. App. at 824.

Therefore, the Court DENIES Defendant's Motion for Partial Summary Judgment.

## Conclusion

Because Defendant erroneously claimed on-product warnings were affixed to the Side Loader, and because Defendant improperly submitted objections to Plaintiff's Response to

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

Defendant's Motion for Partial Summary Judgment, the Court GRANTS Plaintiff's Motion to Strike in its entirety.

Because questions as to the adequacy of Defendant's warnings and their role in Plaintiff's injury remain for the jury, the Court DENIES Defendant's Motion for Partial Summary Judgment with respect to the failure to warn claim. Because the parties do not dispute that summary judgment is proper as to the manufacturing and breach of warranty claims, the Court GRANTS Defendant's Motion for Partial Summary Judgment with respect to these claims.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 14, 2017.

Marsha J. Pechman
United States District Judge