UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT,<br><br>     Plaintiff,<br><br> v.<br><br>MCNEILUS TRUCK AND MANUFACTURING INC,<br><br>     Defendant. | CASE NO. C16-789-MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT STEVEN M. TIPTON;<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE |

  THIS MATTER comes before the Court on Defendant's Motion to Exclude Testimony of Plaintiff's Expert Steven M. Tipton (Dkt. No. 86); Plaintiff's Motion to Strike the Motion to Exclude and Motion to Strike the Declaration of Stephen Andrew (Dkt. No. 91); and Defendant's Motions to Strike the Declarations of Steven Tipton and Vern Goodwin (Dkt. No. 101). The Court has reviewed the Motions, the Response (Dkt. Nos. 91), the Reply (Dkt. No. 101) and all related papers. The Court declines to hear oral argument on this matter.

ORDER DENYING MOTION TO EXCLUDE; GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE - 1

**Background**

This is a products liability case brought by Plaintiff Benjamin Somerlott against Defendant McNeilus Truck and Manufacturing, Inc. (Dkt. No. 3.) Plaintiff was injured while operating a McNeilus side-loading commercial refuse truck manufactured and sold by Defendant (the "Side Loader"). (Id.) The Court is familiar with the remaining facts of the case, and will not repeat them here.

Plaintiff retained as its expert Dr. Steven M. Tipton, a Professor in the Mechanical Engineering Department at the University of Tulsa with a Ph.D. in mechanical design. (Dkt. No. 87-4 at 15.) Dr. Tipton submitted an expert report on July 20, 2017 (Id. at 2-13) and was deposed by counsel for Defendant on August 31, 2017 (Dkt. No. 87-3).

In his expert report, Dr. Tipton opined that the Side Loader was not reasonably safe as designed, did not comply with applicable safety standards, and did not come with adequate warnings. (See Dkt. No. 87-4.) Dr. Tipton certified that his opinions were "based on sound engineering design principles, the analyses [he] conducted and the resources named [in the report]." (Id. at 13.) When asked about his methodology at deposition, Dr. Tipton testified that "[t]here was no formal analysis that was necessary" and that he didn't "have the information available" to conduct a risk benefit analysis for each of his proposed alternative designs. (Dkt. No. 87-3 at 27, 41-42.)

Defendant claims Dr. Tipton is not qualified and did not employ reliable methodology in his analysis of the Side Loader, and moves to exclude his testimony under Daubert. (Dkt. No. 86.)

**Discussion**

**I. Motions to Strike**

Each of the parties has moved to strike various pleadings and declarations filed in connection with this matter.

### a. Plaintiff's Motion to Strike the Motion to Exclude Steven M. Tipton

Plaintiff moves to strike Defendant's Motion to Exclude Steven M. Tipton (Dkt. No. 86) for failure to comply with the applicable page limits. (See Dkt. No. 91 at 2.) The Court notes that the motion is 18 pages, and is clearly in violation of the 12-page limit imposed by the Local Rules. See LR(e)(4). While this is improper, the Court observes that striking the motion at this stage in the proceedings, when trial is fast approaching and when both parties have invested substantial time in preparing responsive pleadings, would not further judicial efficiency or the interests of either party.[1]

### b. Plaintiff's Motion to Strike the Declaration of Stephen P. Andrew

Plaintiff moves to strike the Declaration of Stephen P. Andrew ("Andrew Declaration") (Dkt. No. 88), filed with Defendant's Motion to Exclude. (Dkt. No. 91 at 11.) The Andrew Declaration claims that Dr. Tipton failed to follow the "generally accepted engineering and scientific analysis techniques" in his analysis of the Side Loader, and identifies alleged shortcomings in his methodology and conclusions. (Dkt. No. 88 at 3-4.) While Plaintiff

---

[1] Based upon these and other pleadings, the Court observes that it may be necessary for local counsel to advise pro hac vice counsel as to the appropriate tone and content of pleadings and the requirements for complying with this Court's Local Rules. See LR 83.1(d)(2) ("[L]ocal counsel must review and sign all motions and other filings, ensure that all filings comply with all local rules of this court, and remind pro hac vice counsel of the court's commitment to maintaining a high degree of professionalism and civility from the lawyers practicing before this court . . ."). If pro hac vice counsel is unwilling or unable to comply with the Local Rules, local counsel should be prepared to handle the matter.

claims the declaration is improper under Rule 702 and Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993), he offers no explanation for this assertion. (See Dkt. No. 91 at 11.) The Court finds that the Andrew Declaration is a proper evidentiary submission in support of Defendant's Motion to Exclude.

### c. Defendant's Motion to Strike the Declaration of Steven M. Tipton

Defendant moves to strike the Declaration of Dr. Steve Tipton ("Tipton Declaration") (Dkt. No. 90-1), submitted with Plaintiff's Response. (Dkt. No. 101 at 5-7.) Before an expert may offer testimony, he must first disclose in writing "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. Proc. 26(a)(2)(B)(i)-(ii). Expert disclosures were due on July 20, 2017. (Dkt. No. 11.) In his declaration, Dr. Tipton attempts to explain the methodology used in his analysis of the Side Loader. (See Dkt. No. 90-1.) However, the substance of his declaration was not included in either his expert report or his deposition testimony, and is therefore untimely.[2]

### d. Defendant's Motion to Strike the Declaration of Vern Goodwin

Defendant moves to strike the Declaration of Vern Goodwin ("Goodwin Declaration") (Dkt. No. 90-2), submitted with Plaintiff's Response. Mr. Goodwin is a mechanical engineer who claims to support the methodology employed by Dr. Tipton. (Id. at 3-4.) The Court finds that the Goodwin Declaration is a proper evidentiary submission in response to Defendant's Motion to Exclude. Rule 26 requires a party to disclose only "the identity of any [expert] witness it may use *at trial*." Fed. R. Civ. Proc. 26(a)(2) (emphasis added). Plaintiff has not

---

[2] The Court understands there is a pending Motion to Strike Errata Sheet for Deposition of Steven Tipton. (Dkt. No. 102.) The Court does not address whether Dr. Tipton's deposition testimony may be altered by the errata sheet at this time.

ORDER DENYING MOTION TO EXCLUDE; GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE - 4

indicated any plan to rely upon Mr. Goodwin at trial. Moreover, Defendant had adequate opportunity to respond to the Goodwin Declaration in its Reply, and has therefore not been prejudiced by the submission.

Therefore, the Court DENIES Plaintiff's Motions to Strike the Motion to Exclude and the Andrew Declaration; GRANTS Defendant's Motion to Strike the Tipton Declaration; and DENIES Defendant's Motion to Strike the Goodwin Declaration.

## II.     Motion to Exclude

To be admissible at trial, expert testimony must be both relevant and reliable. Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589 (1993); Fed. R. Evid. 702. The Daubert factors are not "a definitive checklist or test," and the reliability analysis must be tied to the facts of each case. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). Both lack of particularized expertise and the factual basis for an expert's opinion go to the credibility of testimony, not its admissibility. See United States v. Little, 753 F.2d 1420, 1445 (9th Cir. 1984) (citation omitted); Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004).

The Court finds that, in light of his knowledge and experience, Dr. Tipton should be permitted to testify. Dr. Tipton's analysis of the Side Loader – while neither precise nor well-articulated in his expert report or deposition – is based upon his expertise in mechanical engineering, and is not the "junk science" Rule 702 was meant to exclude. See Wendell v. GlaxoSmithKline LLC, 858 F.3d 1227, 1237 (9th Cir. 2017). Thus, the interests of justice favor leaving this credibility determination in the hands of the jury, and relying on "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" to attack "shaky but admissible evidence." Id. (quoting Daubert, 509 U.S. at 596).

Therefore, the Court DENIES Defendant's Motion to Exclude.

**Conclusion**

Because striking Defendant's Motion to Exclude would not further judicial economy or the interests of either party, the Court DENIES Plaintiff's Motion to Strike Defendant's Motion to Exclude Steven M. Tipton. Because the Andrew Declaration is a proper evidentiary submission, the Court DENIES Plaintiff's Motion to Strike the Andrew Declaration. Because the Tipton Declaration is untimely and improper, the Court GRANTS Defendant's Motion to Strike the Tipton Declaration. Because the Goodwin Declaration is a proper evidentiary submission, the Court DENIES Defendant's Motion to Strike the Goodwin Declaration. Because Dr. Tipton's lack of particularized experience and the factual basis for his opinion go to the credibility of his testimony and not its admissibility, the Court DENIES Defendant's Motion to Exclude.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 18, 2017.

Marsha J. Pechman
United States District Judge