UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT,<br><br>      Plaintiff,<br><br>  v.<br><br>MCNEILUS TRUCK AND MANUFACTURING INC,<br><br>      Defendant. | CASE NO. C16-789-MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT JOHN R. CARY |

THIS MATTER comes before the Court on Defendant's Motion to Exclude Testimony of Plaintiff's Expert John R. Cary (Dkt. No. 78). The Court has reviewed the Motion, the Response (Dkt. Nos. 92), the Reply (Dkt. No. 100) and all related papers.

**Background**

This is a products liability case brought by Plaintiff Benjamin Somerlott against Defendant McNeilus Truck and Manufacturing, Inc. (Dkt. No. 3.) Plaintiff was injured while operating a McNeilus side-loading commercial refuse truck manufactured and sold by Defendant (the "Side Loader"). (Id.) The Court is familiar with the remaining facts of the case, and will not repeat them here.

1       Plaintiff retained Mr. John R. Cary, a vocational expert with a Masters in Rehabilitation Counseling and certifications in Rehabilitation and Vocational Counseling and Disability Management. (See Dkt. No. 79-2 at 2.) Mr. Cary submitted a detailed expert report discussing the extent of Plaintiff's injury and impairment and recommendations for vocational rehabilitation. (See Dkt. No. 79-3.) Dr. Cary's expert report included estimates of earning capacity as a result of the injury. (Id. at 15-16.) Defendant takes issue with Mr. Cary's qualifications, and moves the Court to exclude these estimates under Rule 702. (See Dkt. No. 78.) In particular, Defendant contends that because Mr. Cary is not an economist by training, he is incapable of performing basic mathematical calculations. (Id. at 5-9.)

**Discussion**

      The Court finds that Mr. Cary's calculations and his estimates of Plaintiff's earning capacity are well within the range of acceptable testimony for an expert with Mr. Cary's qualifications. Mr. Cary's estimates were produced using basic arithmetic, and contrary to Defendant's claim, do not constitute "economic opinions." (See id. at 5.) Mr. Cary does not need "any graduate level education or professional experience in the field of economics" to perform these calculations. (Id.) Such estimates are routinely included in testimony by vocational experts and widely considered to be within the scope of their expertise, and indeed, the Court notes that Defendant's vocational expert performed *the same calculations*. (See Dkt. No. 93-1.) Both lack of particularized expertise and the factual basis for an expert's opinion go to the credibility of testimony, not its admissibility. See United States v. Little, 753 F.2d 1420, 1445 (9th Cir. 1984) (citation omitted); Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004). Any concerns as to the adequacy of Mr. Cary's calculations and his resulting estimates can be addressed through cross-examination, presentation of

contrary evidence, and jury instructions on the proper method for calculating economic damages.

Therefore, the Court DENIES Defendant's Motion to Exclude.

**Conclusion**

Because Mr. Cary is qualified to provide estimates of Plaintiff's earning potential in his role as a vocational expert, the Court DENIES Defendant's Motion to Exclude.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 18, 2017.

Marsha J. Pechman
United States District Judge