UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT,<br><br>              Plaintiff,<br><br>    v.<br><br>MCNEILUS TRUCK AND<br>MANUFACTURING INC,<br><br>              Defendant. | CASE NO. C16-789-MJP<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART MOTION<br>TO STRIKE ERRATA SHEET FOR<br>DEPOSITION OF STEVEN TIPTON |

THIS MATTER comes before the Court on Defendant's Motion to Strike the Errata Sheet for the Deposition of Steven Tipton. (Dkt. No. 102.) Having reviewed the Motion, the Response (Dkt. No. 112), the Reply (Dkt. No. 114) and all related papers, the Court GRANTS in part and DENIES in part Defendant's Motion to Strike.

**Background**

This is a products liability case brought by Plaintiff Benjamin Somerlott against Defendant McNeilus Truck and Manufacturing, Inc. (Dkt. No. 3.) Plaintiff was injured while operating a McNeilus side-loading commercial refuse truck manufactured and sold by Defendant

1  (the "Side Loader"). (Id.) The Court is familiar with the remaining facts of the case, and will
2  not repeat them here.

3  Plaintiff retained Dr. Steven M. Tipton as his design expert. (Dkt. No. 87-4 at 15.) At
4  his deposition on August 31, 2017, Dr. Tipton opined that the refuse vehicle at issue in this case
5  was not safe as designed. (Id.) Counsel for Defendant asked Dr. Tipton about the methodology
6  by which he reached his conclusions regarding alternative designs, risk analysis, and alternative
7  warnings. (Id. at 8, 13-16, 20-21, 26-27, 29-32.) Dr. Tipton did not provide detailed or
8  meaningful responses to these questions, even after repeated prompting. (Id. at 14-15.) For
9  example, when asked whether he applied the scientific method in developing his alternative
10 designs, he stated that he had not "felt like [he] needed to apply the scientific method." (Id. at
11 26-27.) When asked whether he conducted a risk benefit analysis, he stated that he "did not do
12 any detailed risk analysis," and "[didn't] have the information available to even conduct that
13 analysis." (Id. at 16, 26-27.) When asked whether he had done any market research, he stated
14 that he had not. (Id. at 8.)
15 On October 17, 2017, Dr. Tipton submitted an errata sheet supplementing his testimony.
16 (Dkt. No. 112 at 6.) Defendant now moves to strike the errata sheet in its entirety. (Dkt. No.
17 102.)

**Discussion**

19 Rule 30(e) allows a deponent to submit an errata sheet listing changes to the form and
20 substance of prior deposition testimony. Fed. R. Civ. P. 30(e). However, an errata sheet cannot
21 be used to alter what was said under oath, and "should be used for corrective, not contradictory,
22 changes." Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1226 (9th Cir.
23 2005). "[A] change of substance which actually contradicts the transcript is impermissible
24

unless it can plausibly be represented as the correction of an error in transcription . . ."
Campagnolo S.r.l. v. Full Speed Ahead, Inc., Case No. C08-1372RSM, 2010 WL 11527379, at *2 (W.D. Wash. May 4, 2010) (citation omitted).

Plaintiff claims Dr. Tipton "appeared unable to recall matters that he had ample knowledge of" and "seemed puzzled by the questions," and should therefore be permitted to correct his incomplete responses. (Dkt. No. 112 at 3.) However, "[a] deposition is not a take home examination." Hambleton, 397 F.3d at 1225 (citation omitted). Having been retained to provide expert testimony concerning the Side Loader's design defects, Dr. Tipton should have been prepared to discuss his methodology during his deposition.

The Court finds that the following entries on the errata sheet are not merely additions, clarifications, or supplementations, but rather contradict Dr. Tipton's deposition testimony or offer information not otherwise discussed at his deposition. Therefore, the Court GRANTS Defendant's Motion with regard to the following entries[1]: Nos. 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, and 23.

The Court finds that the following entries on the errata sheet are proper additions, clarifications, or supplementations, and are generally consistent with the remainder of Dr. Tipton's deposition testimony. Therefore, the Court DENIES Defendant's Motion as to the following entries: Nos. 1, 2, 3, 5, and 17.

---

[1] Citations to entries in the errata sheet are based upon the numbers assigned in Exhibit 1 to Plaintiff's Motion to Strike. (Dkt. No. 101-3.)

The clerk is ordered to provide copies of this order to all counsel.

Dated December 28, 2017.

*[signature]*
Marsha J. Pechman
United States District Judge