UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SOMERLOTT, <br><br> Plaintiff, <br><br> v. <br><br> MCNEILUS TRUCK AND MANUFACTURING INC, <br><br> Defendant. | CASE NO. C16-789-MJP <br><br> ORDER ON MOTIONS IN LIMINE |

THIS MATTER comes before the Court on Plaintiff's Motions in Limine (Dkt. No. 105) and Defendant's Motions in Limine (Dkt. No. 107.) Having reviewed the Motions, the Responses (Dkt. Nos. 115, 117), and all related papers, the Court rules as follows:

**I.   Plaintiff's Motions in Limine**

**Motion in Limine No. 1** seeks to prohibit any mention of "[a]ny proximate cause opinions by any of the Defense expert witnesses that were not properly disclosed in Rule 26 disclosures." Plaintiff does not identify with sufficient specificity those opinions it seeks to exclude. Plaintiff's Motion in Limine No. 1 is DENIED.

**Motion in Limine No. 2** seeks to prohibit "[a]ny mention of the Plaintiff's L&I claim regarding his right wrist including any written document that describes or references the claim." Plaintiff's Motion in Limine No. 2 is GRANTED, with the exception that medical records generated in connection with Plaintiff's L&I claim be redacted of all references to the L&I claim.

**Motion in Limine No. 3** seeks to prohibit "[a]ny mention of the L&I [medical examinations] regarding his right wrist," which he contends are cumulative and duplicative. The Court finds that the medical examinations reveal Plaintiff's condition at various times during his recovery and are relevant to determining whether his injury has prevented him from working. Plaintiff's Motion in Limine No. 3 is DENIED, with the exception that medical records generated in connection with Plaintiff's L&I claim be redacted of all references to the L&I claim.

**Motion in Limine No. 4** seeks to prohibit "[a]ny mention of the L&I claim regarding his right shoulder." Plaintiff's Motion in Limine No. 4 is GRANTED, with the exception that medical records generated in connection with Plaintiff's L&I claim be redacted of all references to the L&I claim.

**Motion in Limine No. 5** seeks to prohibit "[a]ny mention of the Defendant's affirmative defenses of negligence of third parties, intervening superseding acts of third parties, comparative negligence and assumption of the risk, improper use and maintenance and altered condition and failure to mitigate." The Court finds that the motion is essentially a request for disposition of an affirmative defense. Plaintiff's Motion in Limine No. 5 is DENIED.

**Motion in Limine No. 6** seeks to prohibit "[a]ny mention of Defendant's affirmative defense of negligence of third parties." The Court finds that the motion is essentially a request for disposition of an affirmative defense. Plaintiff's Motion in Limine No. 6 is DENIED.

**Motion in Limine No. 7** seeks to prohibit "[a]ny mention of Defendant's affirmative defense of assumption of the risk." The Court finds that the motion is essentially a request for disposition of an affirmative defense. Plaintiff's Motion in Limine No. 7 is DENIED.

**Motion in Limine No. 8** seeks to prohibit "[a]ny mention of factual matters that Defendant's 30(b)(6) witness, Mr. Forgas, failed to answer or didn't know the answer to." Plaintiff does not identify with sufficient specificity those factual matters it seeks to exclude. Plaintiff's Motion in Limine No. 8 is DENIED.

**Motion in Limine No. 9** seeks to prohibit "[a]ny mention of Defendant's affirmative defense of spoliation." The Court finds that spoliation does not apply on the facts of this case. Plaintiff's Motion in Limine No. 9 is GRANTED.

**Motion in Limine No. 10** seeks to prohibit "[a]ny mention of any other information regarding the IME conducted by Dr. Sun." Plaintiff contends that Dr. Sun's opinions were not timely disclosed. The Court disagrees. Plaintiff's Motion in Limine No. 10 is DENIED.

**Motion in Limine No. 11** seeks to prohibit "[a]ny mention of Defendant's affirmative defense of offset." Defendant does not intend to assert this affirmative defense and does not oppose the motion. Plaintiff's Motion in Limine No. 11 is GRANTED.

**Motion in Limine No. 12** seeks to prohibit "[a]ny mention of the Plaintiff's back injury," which apparently occurred years ago and has been asymptomatic at all times relevant to this action. Plaintiff's Motion in Limine No. 12 is GRANTED.

**Motion in Limine No. 13** seeks to prohibit "[a]ny mention of the lack of similar injuries based upon Defendant's records." Plaintiff contends that because Defendant has no "in-house injury database," its claims regarding similar injuries are unreliable. The Court disagrees. Plaintiff's Motion in Limine No. 13 is DENIED.

**Motion in Limine No. 14** seeks to prohibit "[a]ny reference to unverified complaints." Defendant does not oppose the motion. Plaintiff's Motion in Limine No. 14 is GRANTED.

II. **Defendant's Motions in Limine**

**Motion in Limine No. 1** seeks to preclude "lay opinion testimony from Plaintiff or third parties regarding design defect or the reasonableness and effectiveness of alternate designs." The Court finds that Plaintiff's observations are not subject to the requirements of expert testimony under Fed. R. Evid. 702. Defendant's Motion in Limine No. 1 is DENIED.

**Motion in Limine No. 2** seeks to "exclude cumulative damage witnesses." Defendant does not identify which witnesses it seeks to preclude or how it might be prejudiced by their testimony. Defendant's Motion in Limine No. 2 is DENIED.

**Motion in Limine No. 3** seeks to preclude "Plaintiff from proceeding under the consumer expectation test." The Court finds that the motion is essentially a request for disposition of a theory of the case. Defendant's Motion in Limine No. 3 is DENIED.

**Motion in Limine No. 4** seeks to preclude "any argument for future lost wages or earning capacity not based on Plaintiff's initial disclosures," namely the expert reports of Mr. Cary or Mr. Bennett. Defendant does not identify with sufficient specificity those arguments or opinions it seeks to exclude. Defendant's Motion in Limine No. 4 is DENIED.

**Motion in Limine No. 5** seeks to exclude "any reptile theory, Golden Rule, or conscience of the community arguments." Plaintiff agrees that counsel will not "ask the jury to put itself in the shoes of the Plaintiff," and the Court will instruct the jury on the law, including the standard for liability and the appropriate measure of damages. Defendant's Motion in Limine No. 5 is DENIED.

**Motion in Limine No. 6** seeks to exclude "reference to the number and location of defense counsel and the size of their firms." Plaintiff does not oppose the motion. Defendant's Motion in Limine No. 6 is GRANTED.

**Motion in Limine No. 7** seeks to preclude "Plaintiff from commenting on MTM's experts or corporate witness' personal financial information beyond what compensation the witnesses have received for their time addressing the issues involved in this case." The Court finds that while compensation received by expert and corporate witnesses is relevant to issues of motive and bias, the specific details of such compensation is not. Defendant's Motion in Limine No. 7 is DENIED, with the exception that Plaintiff may not comment on the specific personal financial information of Defendant's corporate witnesses.

**Motion in Limine No. 8** seek to preclude "Plaintiff from offering argument or evidence regarding MTM's financial condition or suggesting that Plaintiff is entitled to punitive damages." Punitive damages are not at issue in this case. Defendant's Motion in Limine No. 8 is GRANTED.

**Motion in Limine No. 9** seeks to preclude "any reference to Mr. Bennett or his opinions, any mention of the circumstances regarding his attempted designation, or any attempt to explain or address before a jury why MTM may present an economist but Plaintiff cannot." Plaintiff does not oppose the motion. Defendant's Motion in Limine No. 9 is GRANTED.

**Motion in Limine No. 10** seeks to preclude "introduction of vocational rehabilitation opinions regarding household services and domestic assistance not based upon statistically valid basis." Specifically, Defendant seeks to preclude Plaintiff's vocational rehabilitation expert, John Cary, from opining that Plaintiff will need professional home services and future household and yard maintenance, and from estimating the costs of such services based upon "an

unsubstantiated website called HomeAdvisor.com," which "prices home services based on ad hoc input from people who get paid to perform the services." The Court finds that Mr. Cary's use of HomeAdvisor.com is not a reliable methodology. Defendant's Motion in Limine No. 10 is GRANTED.

**Motion in Limine No. 11** seeks to preclude "introduction of opinions, evidence, or testimony regarding the Ontario Guidelines." The Court finds that the Ontario Guidelines evidence an alternative design for side-loading commercial refuse trucks. Defendant's Motion in Limine No. 11 is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 8, 2018.

Marsha J. Pechman
United States District Judge